**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GRANT STEPHEN GOERS,

    Defendant - Appellant.

No. 25-5092
(D.C. No. 4:24-CR-00395-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Grant Stephen Goers pleaded guilty pursuant to a plea agreement to one count of production of child pornography (Count 1) and one count of attempted receipt of child pornography (Count 2).  The district court sentenced him to 320 months in prison on Count 1 and 240 months in prison on Count 2, with the sentences to run concurrently.  He filed a notice of appeal.  Goers's plea agreement contains an appeal waiver, which the government moves to enforce under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  We grant the motion and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In determining whether to enforce an appeal waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government argues Goers's appeal is within the scope of the waiver, he knowingly and voluntarily waived his appeal rights, and enforcing the waiver would not result in a miscarriage of justice. Goers does not argue his appeal is outside the scope of his waiver, so we need not address that *Hahn* factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). But he asserts his guilty plea was not knowing and voluntary and therefore his appeal waiver was not knowing and voluntary. He also asserts enforcing the waiver would result in a miscarriage of justice.

*Knowing and Voluntary*

"[I]n considering whether an appellate waiver is knowing and voluntary, we consider whether the defendant entered into the plea agreement knowingly and voluntarily." *United States v. Rollings*, 751 F.3d 1183, 1190 (10th Cir. 2014). "Where a plea agreement contains a plea and an appellate waiver, we may therefore look to whether the plea was knowing and voluntary in deciding whether the plea agreement was entered knowingly and voluntarily." *Id.* at 1190-91.

Goers argues that "[he] did not have a full understanding of the potential sentencing consequences of his guilty plea, and that lack of understanding renders his plea, and hence the appeal waiver[,] invalid as not being knowing and voluntary." Resp. at 4. This argument is based on Goers's own statement at sentencing when he

said to the court: "I've got faith that you'll get me home to my family within five years . . . .'" *Id.* at 6 (internal quotation marks and emphasis omitted). He contends this comment reveals that he fundamentally misunderstood the sentence he faced because he was subject to a 15-year mandatory minimum sentence.[1]

"Whether a guilty plea was entered knowingly and voluntarily is generally a question of law we review de novo. If defense counsel did not object to the validity of the plea, we review solely for plain error." *Rollings*, 751 F.3d at 1191. Because Goers's counsel did not object to the validity of his plea in district court, we review his argument for plain error.

Goers cannot show plain error because he has not identified any error, let alone one that is plain, *see id.* (explaining first two elements of plain error require showing "(1) an error; (2) that is plain" (internal quotation marks omitted)). Although he acknowledges that "both the magistrate judge and district judge noted the applicable statutory sentencing ranges for the two offenses . . . ," he suggests "it is apparent that [he] did not in fact understand that 15 years was the minimum possible sentence he could receive." Resp. at 5-6. When offering up the reason for

---

[1] In *United States v. Vidal*, 561 F.3d 1113, 1118 (10th Cir. 2009), we explained that "[s]tatements made during a plea colloquy that create ambiguity as to the rights being waived may preclude our enforcement of the waiver." Goers cites to *Vidal* to support his argument, but that case is distinguishable because it was statements the magistrate judge made during the plea proceedings that created a "touch of ambiguity," *id.* In contrast, Goers is relying on his own post-plea statement at sentencing seeking leniency to suggest that his plea and/or waiver is invalid. He has not pointed to any statements by either the magistrate judge or district judge during the plea proceedings that created ambiguity about the mandatory minimum sentence he would be subject to or any other aspect of his plea agreement.

his lack of understanding, however, Goers does not point to any errors the district court made. Instead, Goers simply states "[w]hether the product of ineffective assistance of counsel or otherwise, [he] did not have a full understanding of what his plea connoted and of its consequences." *Id.* at 6 (brackets and internal quotation marks omitted). This unsupported statement is insufficient to show plain error that would render Goers's guilty plea invalid, especially in light of the record.

As the government explains:

> Goers asserted that he understood the possible consequences of his plea and told the Court that he and his attorney had discussed the facts, possible defenses, and possible punishment for his case. Goers confirmed that he had reviewed his plea petition, which also stated the statutory minimums and maximums he faced. Goers initialed each page of his plea petition and signed, acknowledging that he had "been informed and understood that a plea of guilty may subject him to a minimum sentence of prison and/or fine . . . and that Count 1 will subject him to a statutory mandatory minimum sentence of 15 years and that Count 2 will subject him to a statutory mandatory minimum of 5 years."

Reply at 6 (quoting Mot. to Enforce, Attach. 2 at 3, brackets and citations omitted).

The record shows Goers understood the sentencing range he faced, and he has therefore failed to show that either his guilty plea or his appeal waiver were not knowing and voluntary.

*Miscarriage of Justice*

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327. Those four situations are: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in

connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (brackets in original) (internal quotation marks omitted).

Goers concedes that the first and third situations are not applicable here. He notes the second situation might apply, but recognizes correctly that claims of ineffective assistance of counsel are "better suited for a collateral proceeding." Resp. at 8 (citing *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc), for the proposition that "ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal").

He asserts, however, that the fourth situation applies—where the waiver is otherwise unlawful. When considering this situation, "[o]ur inquiry is . . . whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). And "[f]or the waiver to be invalid on the ground of unlawfulness, the unlawfulness must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Goers reiterates his argument that his "plea agreement was not knowing or voluntary due to his lack of a full understanding of the consequences of his plea." Resp. at 8. He therefore contends that his plea was invalid and enforcing his appeal waiver would "seriously affect the fairness and integrity of [the] judicial proceedings." *Id.*

5

But Goers's argument does not show how the waiver itself is unlawful.  He has not made any argument that there was procedural error or that no waiver was possible, so he has failed to show his waiver is otherwise unlawful.

Goers does not dispute that his appeal is within the scope of his appeal waiver.  We conclude his waiver was knowing and voluntary, and enforcing his waiver would not result in a miscarriage of justice.  Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam